1  E. MARTIN ESTRADA
   United States Attorney
2  SCOTT M. GARRINGER
   Assistant United States Attorney
3  Chief, Criminal Division
   JAKE D. NARE (Cal. Bar No. 272716)
4  Assistant United States Attorney
   Acting Deputy Chief, General Crimes Section
5  COLIN S. SCOTT (Cal. Bar No. 318555)
   Assistant United States Attorney
6  General Crimes Section
        1200 United States Courthouse
7       312 North Spring Street
        Los Angeles, California 90012
8       Telephone: (213) 393-5220
        Facsimile: (213) 894-2927
9       E-mail:   colin.scott@usdoj.gov

10  Attorneys for Plaintiff
    UNITED STATES OF AMERICA

11                 UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,          No. SA CR 19-165-JLS

14            Plaintiff,               PLEA AGREEMENT FOR DEFENDANT
15                                     FRANK ANDREW MARCHETTE
                 v.
16
    FRANK ANDREW MARCHETTE,
17    aka "idiveca" and
         "smarchette,"
18
              Defendant.
19

20       1.   This constitutes the plea agreement between FRANK ANDREW

21  MARCHETTE ("defendant") and the United States Attorney's Office for

22  the Central District of California (the "USAO") in the above-

23  captioned case.  This agreement is limited to the USAO and cannot

24  bind any other federal, state, local, or foreign prosecuting,

25  enforcement, administrative, or regulatory authorities.

26                       DEFENDANT'S OBLIGATIONS

27       2.   Defendant agrees to:

28

1          a.    At the earliest opportunity requested by the USAO and

2 provided by the Court, appear and plead guilty to the single-count

3 indictment in <u>United States v. Frank Andrew Marchette</u>, No. SA CR 19-

4 165-JLS, which charges defendant with Possession of Child Pornography

5 in violation of 18 U.S.C. §§ 2252A(a)(5)(B), (b)(2).

6          b.    Not contest facts agreed to in this agreement.

7          c.    Abide by all agreements regarding sentencing contained

8 in this agreement.

9          d.    Appear for all court appearances, surrender as ordered

10 for service of sentence, obey all conditions of any bond, and obey

11 any other ongoing court order in this matter.

12          e.    Not commit any crime; however, offenses that would be

13 excluded for sentencing purposes under United States Sentencing

14 Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not

15 within the scope of this agreement.

16          f.    Be truthful at all times with the United States

17 Probation and Pretrial Services Office and the Court.

18          g.    Pay the applicable special assessment at or before the

19 time of sentencing unless defendant has demonstrated a lack of

20 ability to pay such assessments.

21          h.    Defendant agrees that any and all criminal debt

22 ordered by the Court will be due in full and immediately.  The

23 government is not precluded from pursuing, in excess of any payment

24 schedule set by the Court, any and all available remedies by which to

25 satisfy defendant's payment of the full financial obligation,

26 including referral to the Treasury Offset Program.

27          i.    Complete the Financial Disclosure Statement on a form

28 provided by the USAO and, within 30 days of defendant's entry of a

1  guilty plea, deliver the signed and dated statement, along with all
2  of the documents requested therein, to the USAO by either email at
3  usacac.FinLit@usdoj.gov (preferred) or mail to the USAO Financial
4  Litigation Section at 300 North Los Angeles Street, Suite 7516, Los
5  Angeles, CA 90012.  Defendant agrees that defendant's ability to pay
6  criminal debt shall be assessed based on the completed Financial
7  Disclosure Statement and all required supporting documents, as well
8  as other relevant information relating to ability to pay.

9        j.   Authorize the USAO to obtain a credit report upon
10  returning a signed copy of this plea agreement.

11       k.   Consent to the USAO inspecting and copying all of
12  defendant's financial documents and financial information held by the
13  United States Probation and Pretrial Services Office.

14       l.   Agree to and not oppose the imposition of a ten years'
15  term of supervised release under the following special conditions of
16  probation or supervised release:

17            i.   Sex Offender Registration: Defendant shall
18  register as a sex offender, and keep the registration current, in
19  each jurisdiction where defendant resides, where defendant is an
20  employee, and where defendant is a student, to the extent the
21  registration procedures have been established in each jurisdiction.
22  When registering for the first time, defendant shall also register in
23  the jurisdiction in which the conviction occurred if different from
24  defendant's jurisdiction of residence.  Defendant shall provide proof
25  of registration to the Probation Officer within three days of
26  defendant's placement on probation/release from imprisonment.

27            ii.  Counseling: Defendant shall participate in a
28  psychological counseling and/or psychiatric treatment and/or a sex

3

1  offender treatment program, which may include inpatient treatment
2  upon order of the Court, as approved and directed by the Probation
3  Officer.  Defendant shall abide by all rules, requirements, and
4  conditions of such program, including submission to risk assessment
5  evaluations and physiological testing, such as polygraph and Abel
6  testing, but the defendant retains the right to invoke the Fifth
7  Amendment.  The Probation Officer shall disclose the presentence
8  report and/or any previous mental health evaluations or reports to
9  the treatment provider.

10          iii. As directed by the Probation Officer, defendant
11  shall pay all or part of the costs of treating defendant's
12  psychological/psychiatric disorder(s) to the aftercare contractor
13  during the period of community supervision, pursuant to 18 U.S.C.
14  § 3672.  Defendant shall provide payment and proof of payment as
15  directed by the Probation Officer.

16          iv.  Access to Materials: Defendant shall not view or
17  possess any materials, including pictures, photographs, books,
18  writings, drawings, videos, or video games, depicting and/or
19  describing child pornography, as defined in 18 U.S.C. § 2256(8), or
20  sexually explicit conduct depicting minors, as defined at 18 U.S.C.
21  § 2256(2).  The defendant shall not possess or view any materials
22  such as videos, magazines, photographs, computer images or other
23  matter that depicts "actual sexually explicit conduct" involving
24  adults as defined by 18 U.S.C. § 2257(h)(1).  This condition does not
25  prohibit defendant from possessing materials solely because they are
26  necessary to, and used for, a collateral attack, nor does it prohibit
27  defendant from possessing materials prepared and used for the
28  purposes of defendant's Court-mandated sex offender treatment, when

4

defendant's treatment provider or the probation officer has approved of defendant's possession of the materials in advance.

v.   Contact with Others:   Defendant shall not associate or have verbal, written, telephonic, or electronic communication with any person under the age of 18, except: (a) in the presence of the parent or legal guardian of said minor; and (b) on the condition that defendant notifies said parent or legal guardian of defendant's conviction in the instant offense/prior offense.   This provision does not encompass persons under the age of 18, such as waiters, cashiers, ticket vendors, etc., with whom defendant must interact in order to obtain ordinary and usual commercial services.

vi.   Defendant shall not frequent, or loiter, within 100 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18.

vii. Defendant shall not affiliate with, own, control, volunteer or be employed in any capacity by a business or organization that causes defendant to regularly contact persons under the age of 18.

viii.   Defendant shall not affiliate with, own, control, or be employed in any capacity by a business whose principal product is the production or selling of materials depicting or describing "sexually explicit conduct," as defined at 18 U.S.C. § 2256(2).

ix.   Defendant shall not own, use or have access to the services of any commercial mail-receiving agency, nor shall defendant open or maintain a post office box, without the prior written approval of the Probation Officer.

1           x.    Employment: Defendant's employment shall be
2 approved by the Probation Officer, and any change in employment must
3 be pre-approved by the Probation Officer. Defendant shall submit the
4 name and address of the proposed employer to the Probation Officer at
5 least ten days prior to any scheduled change.

6           xi. Residence: Defendant's residence shall be
7 approved by the Probation Officer, and any change in residence must
8 be pre-approved by the Probation Officer. Defendant shall submit the
9 address of the proposed residence to the Probation Officer at least
10 ten days prior to any scheduled move.

11           xii. Search: Defendant shall submit defendant's
12 person, and any property, house, residence, vehicle, papers,
13 computer, other electronic communication or data storage devices or
14 media, and effects to search at any time, with or without warrant, by
15 any law enforcement or Probation Officer with reasonable suspicion
16 concerning a violation of a condition of probation/supervised release
17 or unlawful conduct by defendant, and by any Probation Officer in the
18 lawful discharge of the officer's supervision function.

19           xiii.    Computer: Defendant shall possess and use
20 only those computers and computer-related devices, screen user names,
21 passwords, email accounts, and internet service providers ("ISPs")
22 that have been disclosed to the Probation Officer upon commencement
23 of supervision. Any changes or additions are to be disclosed to the
24 Probation Officer prior to defendant's first use. Computers and
25 computer-related devices include personal computers, personal data
26 assistants ("PDAs"), internet appliances, electronic games, cellular
27 telephones, and digital storage media, as well as their peripheral

28

1  equipment, that can access, or can be modified to access, the
2  internet, electronic bulletin boards, and other computers.

3      xiv. All computers, computer-related devices, and
4  their peripheral equipment, used by defendant shall be subject to
5  search and seizure.  This shall not apply to items used at the
6  employment's site that are maintained and monitored by the employer.

7      xv.  Defendant shall comply with the rules and
8  regulations of the Computer Monitoring Program.  Defendant shall pay
9  the cost of the Computer Monitoring Program, in an amount not to
10  exceed $32 per month per device connected to the Internet.

11                    THE USAO'S OBLIGATIONS
12     3.   The USAO agrees to:

13         a.   Not contest facts agreed to in this agreement.

14         b.   Abide by all agreements regarding sentencing contained
15  in this agreement.

16         c.   At the time of sentencing, provided that defendant
17  demonstrates an acceptance of responsibility for the offense up to
18  and including the time of sentencing, recommend a two-level reduction
19  in the applicable Sentencing Guidelines offense level, pursuant to
20  U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an
21  additional one-level reduction if available under that section.

22         d.   Recommend that defendant be sentenced to a term of
23  imprisonment no higher than the low end of the applicable Sentencing
24  Guidelines range, provided that the offense level used by the Court
25  to determine that range is 28 or higher and provided that the Court
26  does not depart downward in offense level or criminal history
27  category.  For purposes of this agreement, the low end of the
28  Sentencing Guidelines range is that defined by the Sentencing Table

1 | in U.S.S.G. Chapter 5, Part A.

2 | NATURE OF THE OFFENSE

3 |     4.  Defendant understands that for defendant to be guilty of
4 | the crime charged in the single-count indictment, that is, Possession
5 | of Child Pornography in violation of 18 U.S.C. §§ 2252A(a)(5)(B),
6 | (b)(2), the following must be true:

7 |     a.  Defendant knowingly possessed matters that defendant
8 | knew contained visual depictions of minors engaged in sexually
9 | explicit conduct;

10 |     b.  Defendant knew each visual depiction contained in the
11 | matters showed minors engaged in sexually explicit conduct;

12 |     c.  Defendant knew that production of such visual
13 | depictions involved use of a minor in sexually explicit conduct; and

14 |     d.  Each visual depiction had been either (1) mailed,
15 | (2) shipped or transported using any means or facility of interstate
16 | or foreign commerce or in or affecting interstate or foreign commerce
17 | by any means, including by computer, or (3) produced using materials
18 | that had been mailed, or shipped or transported in or affecting
19 | interstate or foreign commerce by any means, including by computer.

20 |     5.  Defendant understands that for defendant to be subject to
21 | the statutory maximum sentence set forth below, the government must
22 | prove beyond a reasonable doubt that defendant's possession of child
23 | pornography involved a visual depiction of child pornography that
24 | involved a prepubescent minor or a minor who had not attained 12
25 | years of age. Defendant admits that defendant's possession of child
26 | pornography, in fact, involved a prepubescent minor or a minor who
27 | had not reached 12 years of age.

28 |

PENALTIES AND RESTITUTION

6.    Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2252A(a)(5)(B), (b)(2), is: 20 years' imprisonment; a lifetime period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

7.    Defendant understands that the statutory mandatory minimum period of supervised release that the Court must impose for a violation of Title 18 United States Code, Section 2252A(a)(5)(B), is a period of five years.

8.    Defendant understands that as a condition of supervised release, under 18 U.S.C. § 3583(d), defendant will be required to register as a sex offender.  Defendant understands that independent of supervised release, he will be subject to federal and state registration requirements, for a possible maximum term of registration up to and including life.  Defendant further understands that, under 18 U.S.C. § 4042(c), notice will be provided to certain law enforcement agencies upon his release from confinement (if imposed) following conviction.

9.    Defendant understands and agrees that pursuant to 18 U.S.C. § 2259, defendant will be required to pay full restitution to the victims of the offense to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offense to which defendant is pleading guilty.  In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any

losses suffered by that victim as a result of: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offense to which defendant is pleading guilty; and (b) any counts dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with those counts. Defendant understands that, under the Amy, Vicky, and Andy Child Pornography Victim Assistance Act of 2018, the Court shall impose a restitution amount of not less than $3,000 per victim.

10.  Defendant agrees that any and all fines and/or restitution ordered by the Court will be due immediately.  The government is not precluded from pursuing, in excess of any payment schedule set by the Court, any and all available remedies by which to satisfy defendant's payment of the full financial obligation, including referral to the Treasury Offset Program.

11.  Defendant understands that, pursuant to the Justice for Victims of Trafficking Act of 2015, the Court shall impose an additional $5,000 special assessment if the Court concludes that defendant is a non-indigent person, to be paid after defendant's other financial obligations have been satisfied.

12.  Defendant understands that, pursuant to 18 U.S.C. § 2559A, the Court may impose an additional special assessment of up to $17,000.

13.  Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements.  Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part

1  of the term of supervised release authorized by statute for the
2  offense that resulted in the term of supervised release.

3       14.  Defendant understands that, by pleading guilty, defendant
4  may be giving up valuable government benefits and valuable civic
5  rights, such as the right to vote, the right to possess a firearm,
6  the right to hold office, and the right to serve on a jury.
7  Defendant understands that he is pleading guilty to a felony and that
8  it is a federal crime for a convicted felon to possess a firearm or
9  ammunition.  Defendant understands that the conviction in this case
10 may also subject defendant to various other collateral consequences,
11 including but not limited to revocation of probation, parole, or
12 supervised release in another case and suspension or revocation of a
13 professional license.  Defendant understands that unanticipated
14 collateral consequences will not serve as grounds to withdraw
15 defendant's guilty plea.

16      15.  Defendant and his counsel have discussed the fact that, and
17 defendant understands that, if defendant is not a United States
18 citizen, the conviction in this case makes it practically inevitable
19 and a virtual certainty that defendant will be removed or deported
20 from the United States.  Defendant may also be denied United States
21 citizenship and admission to the United States in the future.
22 Defendant understands that while there may be arguments that
23 defendant can raise in immigration proceedings to avoid or delay
24 removal, removal is presumptively mandatory and a virtual certainty
25 in this case.  Defendant further understands that removal and
26 immigration consequences are the subject of a separate proceeding and
27 that no one, including his attorney or the Court, can predict to an
28 absolute certainty the effect of his conviction on his immigration

status.   Defendant nevertheless affirms that he wants to plead guilty
regardless of any immigration consequences that his plea may entail,
even if the consequence is automatic removal from the United States.

FACTUAL BASIS

16.   Defendant admits that defendant is, in fact, guilty of the
offense to which defendant is agreeing to plead guilty.   Defendant
and the USAO agree to the statement of facts provided below and agree
that this statement of facts is sufficient to support a plea of
guilty to the charge described in this agreement and to establish the
Sentencing Guidelines factors set forth in paragraph 18 below but is
not meant to be a complete recitation of all facts relevant to the
underlying criminal conduct or all facts known to either party that
relate to that conduct.

On or about July 13, 2015, in Orange County, within the Central
District of California, defendant knowingly possessed a Toshiba
laptop computer, bearing serial number XB140108K, on which he had
saved images and videos containing depictions of child pornography,
as defined in 18 U.S.C. § 2256(8)(A).   Specifically, defendant
knowingly possessed approximately 776 images and 78 videos of child
pornography on the Toshiba laptop computer that defendant knew
constituted child pornography.

In total, defendant knowingly possessed more than 600 images
that he knew constituted child pornography; at least one of the child
pornography files he possessed depicted sadistic or masochistic
conduct; and multiple child pornography files possessed by defendant
depicted prepubescent minors, who had not attained 12 years of age.
At the time defendant possessed this child pornography, he knew that
the images showed visual depictions of minors engaged in sexually

1  explicit conduct, and that the production of such visual depictions
2  involved the use of minors – that is, real children – engaged in
3  sexually explicit conduct.  The images that defendant possessed had
4  been mailed, shipped, and transported using a means or facility of
5  interstate and foreign commerce, specifically by way of a computer.

SENTENCING FACTORS

7  17.  Defendant understands that in determining defendant's
8  sentence the Court is required to calculate the applicable Sentencing
9  Guidelines range and to consider that range, possible departures
10  under the Sentencing Guidelines, and the other sentencing factors set
11  forth in 18 U.S.C. § 3553(a).  Defendant understands that the
12  Sentencing Guidelines are advisory only, that defendant cannot have
13  any expectation of receiving a sentence within the calculated
14  Sentencing Guidelines range, and that after considering the
15  Sentencing Guidelines and the other § 3553(a) factors, the Court will
16  be free to exercise its discretion to impose any sentence it finds
17  appropriate up to the maximum set by statute for the crime of
18  conviction.

19  18.  Defendant and the USAO agree to the following applicable
20  Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 18 | U.S.S.G. § 2G2.2(a)(1) |
| Prepubescent Minor | +2 | U.S.S.G. § 2G2.2(b)(2) |
| Sadistic or Masochistic Conduct: | +4 | U.S.S.G. § 2G2.2(b)(4) |
| Use of a Computer | +2 | U.S.S.G. § 2G2.2(b)(6) |
| 600 or More Images | +5 | U.S.S.G. § 2G2.2(a)(7)(D) |

27  Defendant and the USAO reserve the right to argue that additional
28  specific offense characteristics, adjustments, and departures under

13

1   the Sentencing Guidelines are appropriate.  Defendant understands
2   that defendant's offense level could be increased if defendant is a
3   career offender under U.S.S.G. §§ 4B1.1 and 4B1.2.  If defendant's
4   offense level is so altered, defendant and the USAO will not be bound
5   by the agreement to Sentencing Guideline factors set forth above.

6       19.  Defendant understands that there is no agreement as to
7   defendant's criminal history or criminal history category.

8       20.  Defendant and the USAO reserve the right to argue for a
9   sentence outside the sentencing range established by the Sentencing
10  Guidelines based on the factors set forth in 18 U.S.C. §§ 3553(a)(1),
11  (a)(2), (a)(3), (a)(6), and (a)(7).

12                  WAIVER OF CONSTITUTIONAL RIGHTS

13      21.  Defendant understands that by pleading guilty, defendant
14  gives up the following rights:

15          a.   The right to persist in a plea of not guilty.

16          b.   The right to a speedy and public trial by jury.

17          c.   The right to be represented by counsel – and if
18  necessary have the Court appoint counsel –at trial.  Defendant
19  understands, however, that, defendant retains the right to be
20  represented by counsel – and if necessary have the Court appoint
21  counsel – at every other stage of the proceeding.

22          d.   The right to be presumed innocent and to have the
23  burden of proof placed on the government to prove defendant guilty
24  beyond a reasonable doubt.

25          e.   The right to confront and cross-examine witnesses
26  against defendant.

27

28

f.   The right to testify and to present evidence in opposition to the charges, including the right to compel the attendance of witnesses to testify.

g.   The right not to be compelled to testify, and, if defendant chose not to testify or present evidence, to have that choice not be used against defendant.

h.   Any and all rights to pursue any affirmative defenses, Fourth Amendment or Fifth Amendment claims, and other pretrial motions that have been filed or could be filed.

## WAIVER OF RETURN OF DIGITAL DATA

22.   Understanding that the government has in its possession digital devices and/or digital media seized from defendant, defendant waives any right to the return of digital data contained on those digital devices and/or digital media and agrees that if any of these digital devices and/or digital media are returned to defendant, the government may delete all digital data from those digital devices and/or digital media before they are returned to defendant.

## WAIVER OF APPEAL OF CONVICTION

23.   Defendant understands that, with the exception of an appeal based on a claim that defendant's guilty plea was involuntary, by pleading guilty defendant is waiving and giving up any right to appeal defendant's conviction on the offense to which defendant is pleading guilty.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

1  <u>LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE AND</u>

2  <u>WAIVER OF COLLATERAL ATTACK</u>

3      24.  Defendant agrees that, provided the Court imposes a total

4  term of imprisonment on all counts of conviction within or below the

5  range corresponding to an offense level of 28 and the criminal

6  history category calculated by the Court, defendant gives up the

7  right to appeal all of the following: (a) the procedures and

8  calculations used to determine and impose any portion of the

9  sentence; (b) the term of imprisonment imposed by the Court; (c) the

10  fine imposed by the Court, provided it is within the statutory

11  maximum; (d) to the extent permitted by law, the constitutionality or

12  legality of defendant's sentence, provided it is within the statutory

13  maximum; (e) the amount and terms of any restitution order as ordered

14  by the Court; (f) the term of probation or supervised release imposed

15  by the Court, provided it is within the statutory maximum; and

16  (g) any of the following conditions of probation or supervised

17  release imposed by the Court: the conditions set forth in Second

18  Amended General Order 20-04 of this Court; the drug testing

19  conditions mandated by 18 U.S.C. §§ 3563(a)(5) and 3583(d); the

20  alcohol and drug use conditions authorized by 18 U.S.C. § 3563(b)(7);

21  and any conditions of probation or supervised release agreed to by

22  defendant in paragraph 2 above.

23      25.  Defendant also gives up any right to bring a post-

24  conviction collateral attack on the conviction or sentence, including

25  any order of restitution, except a post-conviction collateral attack

26  based on a claim of ineffective assistance of counsel, a claim of

27  newly discovered evidence, or an explicitly retroactive change in the

28  applicable Sentencing Guidelines, sentencing statutes, or statutes of

conviction.  Defendant understands that this waiver includes, but is not limited to, arguments that the statute to which defendant is pleading guilty is unconstitutional, and any and all claims that the statement of facts provided herein is insufficient to support defendant's plea of guilty.

26.  The USAO agrees that, provided (a) all portions of the sentence are at or below the statutory maximum specified above and (b) the Court imposes a term of imprisonment of within or above the range corresponding to an offense level of 23 and the criminal history category calculated by the Court, the USAO gives up its right to appeal any portion of the sentence, with the exception that the USAO reserves the right to appeal the following the denial of restitution or the amount of restitution ordered.

### RESULT OF WITHDRAWAL OF GUILTY PLEA

27.  Defendant agrees that if, after entering a guilty plea pursuant to this agreement, defendant seeks to withdraw and succeeds in withdrawing defendant's guilty plea on any basis other than a claim and finding that entry into this plea agreement was involuntary, then the USAO will be relieved of all of its obligations under this agreement.

### EFFECTIVE DATE OF AGREEMENT

28.  This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

### BREACH OF AGREEMENT

29.  Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant

United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached.  All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

## COURT AND UNITED STATES PROBATION AND PRETRIAL SERVICES OFFICE NOT PARTIES

30.  Defendant understands that the Court and the United States Probation and Pretrial Services Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

31.  Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation and Pretrial Services Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 18 are consistent with the facts of this case.  While this paragraph permits

both the USAO and defendant to submit full and complete factual information to the United States Probation and Pretrial Services Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

32. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty plea, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

NO ADDITIONAL AGREEMENTS

33. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

///

///

///

PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

34.  The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

E. MARTIN ESTRADA
United States Attorney

_____                    12/13/22
COLIN S. SCOTT                               Date
JAKE D. NARE
Assistant United States Attorneys

_____                    12-12-22
FRANK ANDREW MARCHETTE                        Date
Defendant

_____                    12/12/22
DAN E. CHAMBERS                              Date
Attorney for Defendant FRANK
ANDREW MARCHETTE

CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or

20

1 representations of any kind have been made to me other than those
2 contained in this agreement.  No one has threatened or forced me in
3 any way to enter into this agreement.  I am satisfied with the
4 representation of my attorney in this matter, and I am pleading
5 guilty because I am guilty of the charge and wish to take advantage
6 of the promises set forth in this agreement, and not for any other
7 reason.

8
9 FRANK ANDREW MARCHETTE                     12-12-22
  Defendant                                 Date
10

11                CERTIFICATION OF DEFENDANT'S ATTORNEY

12     I am FRANK ANDREW MARCHETTE's attorney.  I have carefully and
13 thoroughly discussed every part of this agreement with my client.
14 Further, I have fully advised my client of his rights, of possible
15 pretrial motions that might be filed, of possible defenses that might
16 be asserted either prior to or at trial, of the sentencing factors
17 set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines
18 provisions, and of the consequences of entering into this agreement.
19 To my knowledge: no promises, inducements, or representations of any
20 kind have been made to my client other than those contained in this
21 agreement; no one has threatened or forced my client in any way to
22 enter into this agreement; my client's decision to enter into this
23 agreement is an informed and voluntary one; and the factual basis set
24 forth in this agreement is sufficient to support my client's entry of
25 a guilty plea pursuant to this agreement.

26
27 DAN E. CHAMBERS                            12/12/22
  Attorney for Defendant FRANK              Date
28 ANDREW MARCHETTE

                              21